

FILED by _____ D.C.

OCT - 8 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

**UNITED STATES OF AMERICA,**

**09-23030**

       **Plaintiff,**

**v.**

**CIV - HUCK**

**ONE ANCIENT EGYPTIAN,
YELLOW BACKGROUND, WOODEN
SARCOPHAGUS, DATING TO THE
THIRD INTERMEDIATE PERIOD,**

**MAGISTRATE JUDGE
O'SULLIVAN**

       **Defendant.**

_____/

### VERIFIED COMPLAINT FOR FORFEITURE <u>IN REM</u>

PLAINTIFF, United States of America, hereby filed this civil complaint for forfeiture <u>in rem</u> and states as follows:

1.    This is a civil action for forfeiture in rem of the defendant, One Egyptian Sarcophagus, hereinafter also referred to as "the sarcophagus" and/or "the defendant artifact" and/or "the defendant."

2.    Forfeiture of the defendant is sought for violation of 19 U.S.C. § 1595a(c)(1)(A) pursuant to the provisions of 19 U.S.C. §§ 1603 and 1604.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1345 and 1355.

4.    Venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1395, as the defendant was seized in the Southern District of Florida and will remain in this district's control throughout the pendency of this action.

## FACTUAL ALLEGATIONS

5. The defendant, was constructed in Egypt, between 1070 and 946 B.C., to serve as a coffin for the mummified remains of an unknown individual.

6. The defendant is wooden, yellow in color, and is elaborately decorated with hieroglyphics and pharaonic images.

7. In or around April 2007, Fernando Estrada Laza, documented the authenticity of the defendant.

8. Felix Cervera Correa, hereinafter "Cervera," obtained the Laza report regarding the authenticity of the defendant.

9. Cervera owns and operates a company known as Arquelogia Clasica S.L., hereinafter "Arquelogia," which company is located in Barcelona, Spain.

10. Arquelogia has also been known as Galeria F. Cervera Arquelogia, which was owned and operated by Cervera's father, Felix Cervera Bea, hereinafter "Bea."

11. Cervera, acting on behalf of his business, Arquelogia, agreed to the exportation and sale of the defendant artifact in or around September 2008.

12. Cervera sold the defendant to an importer, named Joseph A. Lewis II, hereinafter "Lewis."

13. The defendant was shipped from Barcelona, Spain, to Dublin, Ireland, to Orlando, Florida and then to Miami, Florida.

14. The defendant arrived in Orlando, Florida on or about September 27, 2008.

15. After arrival in Orlando, the defendant, without having been cleared by United States Customs, was transported to Miami, Florida.

16. Lewis, filed entry documentation with United States Customs and Border Protection, through

KCI Customs Brokers, in an attempt to lawfully enter the defendant into the United States.

17. The entry documentation filed by Lewis, described the defendant as "Sarcophagus Egyptian (Antique Coffin)," with a declared value of approximately $21,894.00.

18. The invoice of sale, included with the entry documentation, indicated a sale price of 15,000.00 Euro.

19. The invoice of sale also indicated that the "provenance," of the sarcophagus was "Buendia Collection Before 1970."

20. Miguel Angel Buendia, hereinafter "Buendia," does not have an art collection, including one known as the "Buendia Collection."

21. Buendia stated he "found" the defendant during a series of trips he did around Europe and Egypt in the 1970s.

22. To date, Buendia has not produced any documentation regarding when he obtained the defendant and from whom he obtained the defendant.

23. Buendia states he sold the defendant to Bea in 1972.

24. Bea states he acquired the defendant on December 12, 1970 from Buendia.

25. To date, Cervera has not produced any documentation regarding the acquisition of the defendant from Buendia.

26. Cervera stated that "we don't have any export license from Egypt."

27. Cervera stated that an export license from Egypt "probably never has been done."

28. Cervera obtained a report from "The Art Loss Register" dated October 22, 2008 stating that the defendant had not been registered stolen or missing.

29. Dr. Zahi Hawass, hereinafter, "Dr. Hawass," is currently the Secretary General of the

Egyptian Supreme Council of Antiquities.

30.   United States Immigration and Customs Enforcement contacted Dr. Hawass.

31.   Dr. Hawass advised United States Immigration and Customs Enforcement that the Egyptian Supreme Council of Antiquities could not currently produce any information regarding any Egyptian approval of the defendant leaving Egypt.

32.   Dr. Hawass advised United States Immigration and Customs Enforcement that, given the lack of documentation produced by the exporter, the defendant was likely the product of an illegal excavation, therefore the Supreme Council of Antiquities would likely have no record of it.

33.   The defendant was seized for forfeiture on or about February 24, 2009.

34.   Lewis stated he received a full refund from Cervera.

35.   Lewis has waived any claim to the defendant.

36.   Cervera requested the institution of judicial forfeiture proceedings with respect to the defendant.

37.   The Supreme Council of Antiquities requested administrative determination regarding the disposition of the defendant, via a petition.

38.   Egyptian Ordinance of 1835, "Decree on Antiquity Protection Measures" states:

This decree has been commenced to secure the huge wealth of the Egyptian antiquities which are considered the masterpieces of centuries, which made the Egyptian board of government conclude[s] to the following:
1-Antiquity export is to be absolutely banned.
2-All existing antiquities and prospective ones resulting from excavations are to be necessarily collected in a special place in Cairo.

39.   Egypt's Regulation on Antiquities - March 24, 1874-10, provides, in part, as follows:

Article 1. Any type of art piece dating from old times is an antique piece.

...

### CHAPTER I

The right to possess antique pieces and all that is related thereto.
Article 3. Any undiscovered antique piece (lying under the ground) in any location, belongs to the Government.

40.   The Egyptian Order of May 16, 1883 states in part:

This higher order, in its first article, stipulates that the Egyptian Houses of Antiquities (Museums) and all their contents of antic[que] items or their prospective ones are considered amongst the state's public property.  This article has been followed by the report indicating that based on this, such items may not be sold, detained or possessed by prescription (lapse of time)...

41.   The Egyptian "Decree of November 17, 1891, Outlining the Conditions under Which

Excavation Permits May Be Granted" states:

"Art. 2. All of the objects found in excavations belong by right to the State and must be

placed in the Giza Museum."

42.   Egyptian Law No. 14 of 1912 on Antiquities provides, in part:

"Art. 1. Subject to the provisions of the present law, every antiquity found on, or in the

ground, shall belong to the Public Domain of the State."

43.   Egyptian Law No. 215 of October 31, 1951, provides in part:

"Art. 4. All antique edifices, furnishings and land, except those that are "wakf" or private

property pursuant to the provisions of this law shall be part of the public domain."

44.   Egyptian Law No. 117 of 1983, provides in part:

"Article 6

All antiquities are considered public property except the wakfs."

45.   A "wakf" is " a financial charitable institution established by withholding one's property to

eternally spend its revenue on fulfilling certain needs depending on the choice and conditions made by the 'waqef' or person who owns the property."

46. As of the date of the filing of this complaint, the Supreme Council of Antiquities has not located any information regarding any Egyptian approval of the defendant leaving Egypt.

## CLAIM FOR FORFEITURE
## (UNLAWFUL IMPORTATION)

47. Plaintiff realleges the factual allegations contained in paragraphs 5 through 42, above, as if fully set forth herein.

48. Since at least 1874, Egypt has had in place, patrimony laws, which laws indicate that any antique piece belongs to the government of Egypt.

49. The defendant is an antique piece within the meaning of Egyptian law.

50. The defendant was removed from Egypt without the permission of Egyptian authorities.

51. The defendant was removed from Egypt in violation of Egyptian law.

52. The defendant was stolen from Egypt.

53. Title 19, United States Code, Section 1595a(c)(1) provides, "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited if it- (A) is stolen, smuggled, or clandestinely imported or introduced."

54. Based on the foregoing, the defendant was introduced or was attempted to be introduced into the United States contrary to law, and is therefore subject to forfeiture pursuant to Title 19, United States Code, Section 1595a(c)(1) .

## CONCLUSION

**WHEREFORE**, Plaintiff, United States of America requests, that any and all persons having

any claim to the defendant be directed to file and serve their verified claims and answers as required

by Rule G(5), of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture

Actions, or suffer default thereof, and further requests that the Court declare the defendant property

condemned and forfeit to the United States of America, and that Plaintiff have such other and further

relief as  may be just and proper together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By:          _Alison W. Lehr_

ALISON W. LEHR
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 444537
99 N.E. 4th Street- 7th Floor
Miami, Florida 33132
Telephone: (305)961-9176
Fax: (305)536-7599
Alison.Lehr@usdoj.gov

-7-

VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury,

that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein

are true and correct to the best of my knowledge and belief.

Executed this ____7____ day of _October_____, 2009.

VINCENT MENDITTO, Special Agent
IMMIGRATION AND CUSTOMS ENFORCEMENT

-8-

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

09-23030

FILED by _RloS_ D.C.

OCT - 8 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

ONE ANCIENT EGYPTIAN, YELLOW BACKGROUND, WOODEN SARCOPHAGUS, DATING TO THE

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

AUSA ALISON W. LEHR
99 NE 4TH STREET, MIAMI, FL 33132
(305) 961-9176

Attorneys (If Known)

## CIV - HUCK

**(d)** Check County Where Action Arose: ☒ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**MAGISTRATE JUDGE**
**O'SULLIVAN**

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant) |
|---|---|

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☒ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

19 USC § 1595a(c) unlawful importation.

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/7/09

SIGNATURE OF ATTORNEY OF RECORD   *Alison W. Lehr*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT   *Waived*   APPLYING IFP _____